No. 12,274.

HARRINGTON ET AL. *v.* ANDERSON.

(288 Pac. 1049)

Decided May 5, 1930. Rehearing denied June 16, 1930.

Mr. EVERETT OWENS, Messrs. TWITCHELL, CLARK & BURKHARDT, for plaintiffs in error.

Mr. GOLDING FAIRFIELD, for defendant in error.

*In Department.*

MR. JUSTICE ADAMS delivered the opinion of the court.

SUIT by Anderson against Harrington et al. to quiet title to real estate. Decree for plaintiff, and defendants bring error.

The facts are undisputed. It is admitted that Anderson is the owner of the land, and the only question is whether, as a matter of law, his title is subject to a lien in favor of Harrington.

The essential facts are as follows: On and prior to March 5, 1924, one Hahnewald was the owner in fee simple of the real estate in question. On that date, she executed a deed of trust to the public trustee in the City and County of Denver, recorded on the same day, to secure

a note in the principal sum of $2,500 to the Western Finance and Development Company. Thereafter the Star Investment Company became the owner of the indebtedness secured by the deed of trust, and on default, procured foreclosure by the public trustee. The Star Company was the highest bidder and the property was sold to it; the public trustee issued a certificate of purchase to that company on August 25, 1925, which was recorded on August 28, 1925.

May 9, 1925, the state bank commissioner recovered judgment in the district court against Hahnewald, which was recorded on May 18, 1925. On September 5, 1925, the judgment was assigned to the defendant Harrington. On February 18, 1926, the Star company recovered judgment in the district court against Hahnewald. During the six months period after the sale under the trust deed foreclosure, there was no redemption. On February 26, 1926, the Star company, as a judgment creditor, redeemed from such foreclosure, a certificate of redemption was issued to it, which was recorded on February 27, 1926. The Star company then got an execution on its judgment and procured a sale by the sheriff. The sheriff's deed to the Star company is dated March 29, 1926, and was recorded on July 28, 1926. The plaintiff Anderson acquired the rights of the Star company by conveyances duly executed. He also paid off a prior $11,000 mortgage on the property and procured a release thereof.

Harrington procured an execution on his judgment theretofore owned by the state bank commissioner, and on September 21, 1927, a notice of levy on the real estate involved, under that execution was filed. The sheriff thereupon advertised the property for sale at public auction to be held on October 28, 1927, under defendant's execution, but on October 17, 1927, plaintiff brought this suit to quiet title, and it does not appear that the purposed sheriff's sale on defendant's behalf went any further than the advertisement thereof.

■ 1. Session laws of 1923, chapter 185, §1, p. 668 (amending §6869, R. S. 1908, §5055, C. L. 1921), provides, among other things, that after the expiration of six months and at any time before the expiration of nine months from the sale of any lands or tenements under a foreclosure of a deed of trust, it shall be lawful for any judgment creditor to redeem the same in the manner provided by statute. Anderson's grantor complied punctiliously with the statute, but Harrington disregarded it. Whatever rights the latter may have had as a judgment creditor or assignee thereof, to redeem from the sale under the foreclosure of the deed of trust, he lost by failing to exercise his privilege. Harrington made no tender, nor effort to redeem within the statutory period or at all, as far as we are advised. If we granted the plea of his able counsel, the effect would be to extend Harrington's period of redemption as a judgment creditor beyond the time allowed by law, at the expense of another creditor who regularly pursued the statutory method in acquiring title to the property. It is wholly beyond our power to do this. Counsel for Harrington presents other interesting and important questions of law, which we do not pass upon, as we deem them unnecessary to our decision under the facts submitted by the record. The judgment accordingly must be affirmed.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.